JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

OWEN P. MARTIKAN (CSBN 177104)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7241
    Facsimile: (415) 436-7234
    owen.martikan@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 10-0035 MHP |
| | ) | |
| Plaintiff, | ) | **STIPULATION AND [PROPOSED]** |
| | ) | **ORDER EXCLUDING TIME** |
| v. | ) | |
| | ) | |
| STEWART JOHN BURCH, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

    On February 8, 2010, the parties in this case appeared before the Court for the initial

status conference in this case.  The parties stipulated and the Court agreed that time should be

excluded from the Speedy Trial Act calculations from February 8, 2010, through March 22,

2010, for effective preparation of defense counsel.  The parties represented that granting the

continuance would allow the reasonable time necessary for effective preparation of defense

counsel, taking into account the exercise of due diligence.  *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The parties also agreed that the ends of justice served by granting such a continuance

outweighed

STIP. & [PROPOSED] ORDER EXCLUDING TIME
CASE NO. CR 10-0035 MHP

1   //

2   the best interests of the public and the defendant in a speedy trial.  *See* 18 U.S.C. §

3   3161(h)(7)(A).

4          On March 22, 2010, the parties in this case appeared before the Court for a status

5   conference in this case.  The parties stipulated and the Court agreed that time should be excluded

6   from the Speedy Trial Act calculations from March 22, 2010, through April 26, 2010, for

7   effective preparation of defense counsel.  The parties represented that granting the continuance

8   would allow the reasonable time necessary for effective preparation of defense counsel, taking

9   into account the exercise of due diligence.  *See* 18 U.S.C. § 3161(h)(7)(B)(iv).  The parties also

10  agreed that the ends of justice served by granting such a continuance outweighed the best

11  interests of the public and the defendant in a speedy trial.  *See* 18 U.S.C. § 3161(h)(7)(A).

12         On April 26, 2010, the parties in this case appeared before the Court for a status

13  conference in this case.  The parties stipulated and the Court agreed that time should be excluded

14  from the Speedy Trial Act calculations from April 26, 2010, through June 28, 2010, for effective

15  preparation of defense counsel.  The parties represented that granting the continuance would

16  allow the reasonable time necessary for effective preparation of defense counsel, taking into

17  account the exercise of due diligence.  *See* 18 U.S.C. § 3161(h)(7)(B)(iv).  The parties also

18  agreed that the ends of justice served by granting such a continuance outweighed the best

19  interests of the public and the defendant in a speedy trial.  *See* 18 U.S.C. § 3161(h)(7)(A).

20  SO STIPULATED:

21                                          JOSEPH P. RUSSONIELLO
                                            United States Attorney
22
                                                /s/
23  DATED: April 27, 2010                   _____
24                                          OWEN P. MARTIKAN
                                            Assistant United States Attorney
25
                                                /s/
26  DATED: April 27, 2010                   _____
27                                          EDWIN K. PRATHER
                                            Attorney for Stewart John Burch
28

STIP. & [PROPOSED] ORDER EXCLUDING TIME
CASE NO. CR 10-0035 MHP

1

**[~~PROPOSED~~] ORDER**

2     As the Court found on February 8, 2010, on March 22, 2010, and on April 26, 2010, and

3  for the reasons stated above, an exclusion of time from February 8, 2010 through March 22,

4  2010, from March 22, 2010 through April 26, 2010, and from April 26, 2010 through June 28,

5  2010, is warranted because the ends of justice served by these continuances outweigh the best

6  interests of the public and the defendant in a speedy trial. *See* 18 U.S.C. §3161 (h)(7)(A). The

7  failure to grant the requested continuances would deny defense counsel the reasonable time

8  necessary for effective preparation, taking into account the exercise of due diligence, and would

9  result in a miscarriage of justice. See 18 U.S.C. §3161(h)(7)(B)(iv).

10

11  SO ORDERED.

12

13

14  DATED:__April 28, 2010__

15

16                                        IT IS SO ORDERED

17                                        Judge Marilyn H. Patel

18

19

20

21

22

23

24

25

26

27

28

STIP. & [PROPOSED] ORDER EXCLUDING TIME
CASE NO. CR 10-0035 MHP